**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

JOSEPH FISCHER,

    Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
JPMORGAN CHASE BANK, N.A., SETERUS, INC., and
RUSHMORE LOAN MANAGEMENT SERVICES LLC,

    Defendants.
_____/

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Federal National Mortgage Association ("Fannie Mae"), JPMorgan Chase Bank, N.A. ("Chase"),[1] Seterus, Inc. ("Seterus"), and Rushmore Loan Management Services LLC ("Rushmore") hereby give notice of removal of the above-entitled action, and all claims and causes of action therein, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). Defendants appear for the purposes of removal only, reserve all defenses and rights available to them, including as to proper service and personal jurisdiction, and as grounds for removal state as follows:

1.    Plaintiff filed the above-entitled action on August 10, 2018, against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Without conceding that service was properly executed, Chase was purportedly served with Plaintiff's complaint on August 14, 2018; Seterus was purportedly served with Plaintiff's

---

[1] Chase is incorrectly named in the complaint as JPMorgan Chase, N.A.

complaint on August 14, 2018; Rushmore was purportedly served with Plaintiff's complaint on August 15, 2018; and Fannie Mae was purportedly served with Plaintiff's complaint on August 17, 2018.

2. This notice of removal is being filed within 30 days of Defendants' receipt of Plaintiff's complaint and thus is timely filed under 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this notice of removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and will serve a copy of this notice of removal on Plaintiff.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached hereto as Exhibit 1. A copy of Plaintiff's complaint is attached as Exhibit 2. A copy of the docket in the State Court Action is attached as Exhibit 3. No motions have been filed in the State Court Action.

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse and were completely diverse at the time Plaintiff filed the complaint.

6. Plaintiff is an individual domiciled in Florida, and is thus a citizen of Florida.

7. Fannie Mae is a congressionally chartered, privately owned corporation with its principal place of business in Washington, D.C. and that is "deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(a)(2)(B). Accordingly, Fannie Mae is a citizen of the District of Columbia.

8. Chase is a national banking association with its main office, as designated in its articles of association, in Ohio. Accordingly, Chase is a citizen of Ohio.

9. Seterus is a Delaware corporation with its principal place of business in North Carolina. It is therefore deemed to be a citizen of Delaware and North Carolina under 28 U.S.C. § 1332(c)(1).

10. Rushmore has one member, Roosevelt Management Company. Roosevelt Management Company is registered to do business in Delaware and has its principal place of business in New York. Thus, Rushmore is a citizen of Delaware and New York.

11. No defendant is a citizen of Florida.

12. The citizenships of each party and the facts set forth in paragraphs 6 through 11 were the same at the time Plaintiff filed the complaint.

13. Plaintiff does not allege a specific amount in controversy, but a reasonable reading of the complaint reveals that Plaintiff seeks damages in excess of $75,000.

14. Furthermore, in prior filings of this case in which Plaintiff asserted some of the same claims he asserts here based on identical allegations, Plaintiff asserted that the amount in controversy exceeded $75,000 exclusive of interest and costs.

15. All defendants join in and consent to the removal of this action.

Dated: September 13, 2018                                    Respectfully submitted,

/s/ Christopher P. Hahn                              /s/ David B. Levin
Christopher P. Hahn                                  David B. Levin
Florida Bar No.: 87577                               Florida Bar No.: 26394
MAURICE WUTSCHER LLP                                 BAKER, DONELSON, BEARMAN,
110 E. Broward Blvd., Suite 1700                     CALDWELL & BERKOWITZ, PC
Fort Lauderdale, FL 33301                            100 S.E. Third Ave., Suite 1620
Telephone: (772) 237-3410                            Fort Lauderdale, Florida 33394
Fax: (866) 581-9302                                  Telephone:  (954) 768-1600
chahn@MauriceWutscher.com                            Telecopier:  (954) 333-3930
*Counsel for Fannie Mae and Seterus*                 dlevin@bakerdonelson.com
                                                     *Counsel for Rushmore*

*s/ Jeremy L. Kahn*
Andrew B. Boese
  Florida Bar No. 824771
Jeremy L. Kahn
  Florida Bar No. 105277
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:    305.740.1975
Facsimile:     305.437.8158
Email:    aboese@leoncosgrove.com
Email:    jkahn@leoncosgrove.com
*Counsel for Chase*

## **CERTIFICATE OF SERVICE**

I certify that on September 13, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which in turn will serve a copy by email to all counsel of record.

*s/ Jeremy L. Kahn*
Jeremy L. Kahn