IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62166-DPG
FORT LAUDERDALE DIVISION

JOSEPH FISCHER,

     Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

     Defendants.

_____/

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS, OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to dismiss or alternatively for a more definite statement.

## INTRODUCTION

This is the third time Plaintiff has filed this frivolous case. He first brought the same or similar claims in an action filed against Defendants on November 30, 2016. *Fischer v. Fed. Nat. Mortg. Ass'n, et al.*, Case No. 16-cv-62817-WJZ (S.D. Fla.) (the "First Action"). On December 19, 2016, the court *sua sponte* dismissed Plaintiff's state-law claims. [DE 5 in First Action.] On March 3, 2017, the court *sua sponte* entered an order to show cause for Plaintiff's failure to serve any defendant. [DE 7 in First Action.] The court gave Plaintiff seven days to show good cause for failure to serve, serve defendants, or file a notice of voluntary dismissal, and the court warned Plaintiff that failure to comply with the order would result in dismissal of the case. [*Id.*] Plaintiff ignored the court's order and never responded. On March 13, 2017, the court dismissed the action without prejudice due to Plaintiff's failure to comply with the court's order. [DE 8 in First Action.]

Plaintiff re-filed the action on June 30, 2017. *Fischer v. Fed. Nat. Mortg. Ass'n, et al.*, Case No. 17-cv-61293-DPG (S.D. Fla.) (the "Second Action"). The complaint in the Second Action was almost identical to the complaint in the First Action and was based on the same allegations. On Mach 26, 2018, the court granted Defendants' respective motions to dismiss. [DE 58 in Second Action.] The court dismissed the federal claim under the Fair Debt Collection Practices Act (FDCPA) with prejudice because "Plaintiff incurred the debt in question in furtherance of his real estate investment business and not for a personal, family, or household purpose," and thus the debt was not a "consumer debt" under the FDCPA. [*Id.* at 7.] The court dismissed the state-law claims without prejudice. [*Id.* at 10–11.] The court agreed with Defendants that the complaint was a "shotgun pleading" and gave Plaintiff until April 16, 2018 to file an amended complaint, warning that failure to do so would result in the action being dismissed with prejudice. [*Id.*]

The April 16 deadline came and went without an amended complaint from Plaintiff. However, on April 17, 2018, before the court had time enforce its order that the action would be dismissed <u>with prejudice</u> if Plaintiff failed to file an amended complaint by the deadline, Plaintiff filed a notice of voluntary dismissal <u>without prejudice</u>. [DE 61 in Second Action.] This tactic was calculated to give Plaintiff yet another opportunity to re-file his claims in a new action.

Having struck out twice in federal court, Plaintiff filed this action for a third time in state court. Plaintiff now asserts only state-law claims. On September 13, 2018, Defendants removed this action to federal court based on diversity jurisdiction. [DE 1.] Once again, Plaintiff's complaint is an impermissible shotgun pleading that fails to give Chase proper notice of what conduct it is alleged to have engaged in that gives rise to the claims, or even if certain allegations pertain to Chase at all. While the complaint is subject to dismissal as a shotgun pleading, it is clear even from Plaintiff's poorly-pled allegations that it should be dismissed on the merits.

## ALLEGED FACTS

Plaintiff is a real estate investor whose business involves the purchase, repair, and sale of real property. [Compl. ¶ 9.] On December 23, 2003, Plaintiff obtained a loan from Federal National Mortgage Association ("FNMA"), which was secured by a mortgage on one of Plaintiff's real estate investment properties. [*Id.* ¶ 10.] Chase was the servicer of the mortgage loan. [*Id.*]

In the mortgage agreement, Plaintiff agreed to make monthly payments, which included escrow payments for Plaintiff's property taxes. [*Id.* ¶ 11.] According to Plaintiff, he made all monthly payments and fully complied with the terms of the note and mortgage. [*Id.* ¶ 14.] Plaintiff alleges that FNMA had a duty to properly maintain its escrow account, but failed to do so. [*Id.* ¶ 15.] According to Plaintiff, FNMA failed to timely remit taxes owed to the county property tax collector even though Plaintiff paid the property taxes into the escrow account. [*Id.* ¶ 16.] Plaintiff asserts that FNMA ultimately remitted the taxes and accumulated interest to the county property tax collector, and then attempted to charge Plaintiff with "unfounded" penalties and late fees as well as claim that Plaintiff was responsible to pay the property taxes a second time. [*Id.* ¶ 18.] According to Plaintiff, FNMA's alleged misconduct was based on improper accounting and errors caused solely by Chase as servicer of the loan and FNMA as owner of the loan. [*Id.* ¶ 19.]

Plaintiff alleges that he received "notices" from FNMA, Chase, and two other loan servicers, Rushmore Loan Management Services LLC ("Rushmore") and Seterus, Inc. ("Seterus"), although Plaintiff does not state what these "notices" said. [*Id.* ¶ 21.] Plaintiff alleges that he made "reasonable good faith efforts" to advise FNMA, Seterus, and Rushmore of the "improper" charges, but they continued to attempt to collect "illegal, improper and extra-contractual" loan payments from him. [*Id.*] Chase is excluded from this allegation. Plaintiff does not allege that he made "reasonable good faith efforts" to advise Chase of improper charges or that Chase continued

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

to attempt to collect "illegal, improper and extra-contractual" loan payments from him. [*Id.*]

In his complaint, Plaintiff proceeds to use the amalgamation "COLLECTORS" to collectively refer to Seterus and Rushmore (and possibly FNMA, though it is unclear), but this term is not defined to include Chase. [*Id.*] Plaintiff alleges that, in 2013,[1] FNMA filed a foreclosure action against Plaintiff despite his protestations that he was current on his payments. [*Id.* ¶ 22.] Plaintiff further alleges that "COLLECTORS" (again, not defined in the complaint to include Chase) "continued to maintain a stake in the outcome of this litigation and attempted to execute post-judgment enforcement of the purported 'debt' for their own illicit pecuniary gain." [*Id.*] Plaintiff does not explain what he means by this confusing allegation.

On October 13, 2015, "more than two years after the initial filing," FNMA filed a notice of voluntary dismissal of the foreclosure suit. [*Id.* ¶ 25.] Plaintiff alleges that FNMA and "COLLECTORS" (again, a term that does not include Chase) continued to make "harassing" phone calls and continued to report a deficiency on Plaintiff's credit report. [*Id.*] Later, however, Plaintiff asserts that "ALL DEFENDANTS" have "severely damaged" his credit by "reporting on" Plaintiff's credit report. [*Id.* ¶ 26.] Plaintiff alleges that the damaged credit report has caused him to suffer a "business loss," as he has not been able to sustain his business of buying and selling real properties. [*Id.* ¶ 27.] Plaintiff asserts that he has suffered damages to his business reputation and damages due to loss of business and business opportunities. [*Id.* ¶ 29.]

In this third filing of a lawsuit based on identical allegations, Plaintiff asserts claims for violation of the Florida Deceptive an Unfair Trade Practices Act (FDUTPA), violation of the

---

[1] It is clear from the face of the complaint that the foreclosure action is alleged to have been filed in 2013. First, the case number that Plaintiff provides begins with a 13, which indicates the year it was filed. [*Id.* ¶ 22.] Second, Plaintiff later alleges that the foreclosure action was filed "more than two years" before October 13, 2015. [*Id.* ¶ 25.]

Florida Consumer Collection Practices Act (FCCPA), abuse of process, violation of section 501.137, Florida statutes, breach of implied contract, malicious prosecution, and negligent misrepresentation. All of these claims are meritless and should be dismissed with prejudice.

## ARGUMENT

### I.    Plaintiff's complaint is a shotgun pleading.

This Court "has the *sua sponte* obligation to identify and dismiss a 'shotgun' complaint." *Ditomasso v. Holiday CVS, L.L.C.*, No. 17-cv-60064, 2017 WL 733375, at *2 (S.D. Fla. Feb. 24, 2017). Plaintiff's collective labelling of multiple defendants as "COLLECTORS" or "ALL DEFENDANTS" is improper shotgun pleading that does not give Chase fair notice of the conduct for which it is being sued. *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (dismissing claims because "Plaintiff improperly lumps Defendants together in these claims despite that Defendants are separate and distinct legal entities" and explaining that a plaintiff "must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant"). In fact, it doubtful Chase is even included in Plaintiff's references to "COLLECTORS." *See, e.g.*, [Compl. ¶ 21] (defining collectors as including Seterus, Rushmore, and possibly FNMA); [*id.* ¶¶ 25–26, 38–39] (distinguishing between "ORIGINATOR and COLLECTORS" and "ALL DEFENDANTS"); [*id.* ¶¶ 34–36] (distinguishing between "ORIGINATORS and COLLECTORS" and "CHASE").

A complaint is a shotgun pleading where, as here, it commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weilan v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) ("The complaint is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly

. . . . The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1355–56 (S.D. Fla. 2010) ("[T]his Count amounts to a shotgun pleading. In Count X Plaintiff improperly lumps all the Defendants together such that Defendants do not have fair notice of the conduct at issue. . . ."). Such shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weilan*, 792 F.3d at 1323.

Plaintiff's complaint is no different than those condemned in *Weilan*, *Magluta*, *Degirmenci*, and *Bentley*. For many of the allegations, it defies common sense that each Defendant took part in the alleged misconduct. For example, as in *Bentley*, it is inconceivable that every Defendant made each allegedly harassing phone call (or sent each allegedly "time-barred" demand letter) referred to in the complaint. 773 F. Supp. 2d at 1373 ("[T]here are no factual allegations showing which Defendant made the purportedly harassing calls or contacted Plaintiff. Instead, Plaintiff improperly lumps Defendants together such that Defendants do not have notice of the purported conduct they are alleged to have committed. It is inconceivable to the Court that both Defendants could have somehow made each alleged call, yet that is exactly what Plaintiff appears to be alleging."). Due to this pleading defect alone, every claim against Chase should be dismissed for failing to satisfy elementary pleading standards. *Ditomasso*, 2017 WL 733375, at *2 (holding that where complaint is a shotgun pleading it must be dismissed "[f]or this reason alone").

At a minimum, if the complaint is not dismissed, Plaintiff should be required to amend his complaint with a more definite statement that specifies each Defendant's alleged conduct. Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is required here because Plaintiff's complaint fails to specify the allegations in a manner that provides sufficient notice and does not contain enough information to allow a responsive pleading to be framed. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1369 (S.D. Fla. 2016). Indeed, Chase is in doubt as to which counts even apply to it.

### II.    The FCRA preempts Plaintiff's claims based on credit reporting.

Plaintiffs' claims are all at least based in part on, or seek damages based on, allegedly "improper" credit reports. To the extent each claim is based on credit reporting, it is preempted by the Fair Credit Reporting Act (FCRA). Specifically, the FCRA preempts all state statutory and common law claims that arise out of reports to consumer credit reporting agencies. 15 U.S.C. § 1681t(b)(1)(F); *Aleshire v. Harris, N.A.*, 586 F. App'x 668, 670–71 (7th Cir. 2013); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622, 625–26 (7th Cir. 2011); *Kanarick v. Santander Consumer USA, Inc.*, No. 13-cv-80030, 2014 WL 12464922, at *8–9 (S.D. Fla. Aug. 22, 2014). Notably, every one of Plaintiff's prayers for relief seeks damages for allegedly improper credit reports. All such claims are preempted.

### III.    Plaintiff fails to state an FCCPA claim.

Plaintiff makes clear that his FCCPA claim is only against "COLLECTORS." [Compl. At 14.] The term "COLLECTORS" in the complaint does not include Chase. [*Id.* ¶ 21.] Thus, it appears that the FCCPA claim is not even against Chase. However, given that Plaintiff's haphazard and poor pleading style makes it unclear which allegations or claims apply to which defendant, Chase will address the merits of Plaintiff's FCCPA claim in an abundance of caution.

Plaintiff's FCCPA claim fails for two independent reasons. First, the mortgage loan at issue

is not a "consumer debt" as defined by the FCCPA because Plaintiff admits it is a mortgage on "investment property." Second, attempting to collect a debt whose enforcement would be barred by the statute of limitations is not a violation of the FCCPA.

### A.  The FCCPA is inapplicable because Plaintiff does not allege a "consumer debt."

Plaintiff's FCCPA claim is not only meritless, it is frivolous. Plaintiff seeks to assert an FCCPA claim in connection with a mortgage loan on <u>investment property</u>. The FCCPA, however, is limited to consumer debt and does not apply to mortgage debt on investment property. In the prior Second Action, Plaintiff asserted an identical claim under the federal analogue to the FCCPA, the FDCPA, which likewise is limited consumer debt. The court dismissed Plaintiff's FDCPA claim with prejudice because "Plaintiff incurred the debt in question in furtherance of his real estate investment business and not for a personal, family, or household purpose," and thus was not a "consumer debt" under the FDCPA. [DE 58 at 7 in Second Action.] Plaintiff's re-assertion of the same claim under the FCCPA, which has an identical definition of "debt," is frivolous given that the court already held Plaintiff's debt was "not for a personal, family, or household purpose."

The FCCPA prohibits certain conduct in collecting "consumer debts." Fla. Stat. § 559.72. A "consumer debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction <u>are primarily for personal, family, or household purposes</u>." *Id.* § 559.55(6) (emphasis added). Notably, the definition of "debt" in the FDCPA is identical. 15 U.S.C. § 1692a.

Case law confirms that Plaintiff's claim is meritless. Based on the FDCPA's identical plain language, the Eleventh Circuit has held that "the statutory language further limits application of the FDCPA to debts arising from *consumer* transactions." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998). And numerous courts have similarly held that the FDCPA is

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

inapplicable to transactions such as the one Plaintiff alleges in his complaint, a mortgage loan for investment property. *See, e.g.*, *Lumpkin v. Wells Fargo Bank, N.A.*, No. 15-cv-61859, 2015 WL 12803628, at *3 (S.D. Fla. Dec. 9, 2015) ("Mortgage debt on an investment property does not qualify."); *Samuel v. Ocwen Loan Servicing, LLC,* No. 114CV02398ELRLTW, 2015 WL 11256663, at *6 (N.D. Ga. Feb. 12, 2015) (dismissing FDCPA claim because "the debt at issue is associated with the Rental Property, and is therefore not a 'debt' as defined by the FDCPA"), *report and recommendation adopted*, 2015 WL 11347591, at *2 (N.D. Ga. Apr. 15, 2015) (agreeing that FDCPA claim must be dismissed because "the property at issue was a rental property, used for commercial purposes"); *Mayhew v. Branch Banking & Tr. Co.*, No. 2:14-CV-00091-RWS, 2014 WL 6769343, at *12 (N.D. Ga. Dec. 1, 2014) ("Debts incurred through business loans or activity relating to rental properties or for investment purposes do not fall under the protection of the FDCPA."); *Akinfaderin-Abua v. Dimaiolo*, No. 13-CV-3451 CCC, 2014 WL 345690, at *3 (D.N.J. Jan. 30, 2014) ("Many courts have founds that the FDCPA does not apply to debts associated with investment properties because the debt was not incurred for '*personal, family, or household purposes*.'"); *Klahn v. Clackamas Cty. Bank*, No. 3:13-CV-621-ST, 2013 WL 3834709, at *4 (D. Or. July 24, 2013) ("[D]ebt associated with rental properties or for investment purposes is not considered a consumer debt under the FDCPA."); *Petsche v. EMC Mortg. Corp.*, 830 F. Supp. 2d 663, 673 (D. Minn. 2011) ("There is no dispute that the debt at issue relates to a mortgage taken out on an 'investment property' owned by a business. . . . [B]ecause the Petsches did not incur the debt 'primarily for personal, family, or household purposes,' 15 U.S.C. § 1692a(5), it falls outside of the FDCPA.").

The Eleventh Circuit has recognized that the "FCCPA definition of 'debt' is identical to that found in the FDCPA." *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010) (per

curiam). The FCCPA also specifies that, in construing its provisions, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5). Therefore, the case law applicable to whether a debt falls within the purview of the FDCPA is equally applicable to the FCCPA. *Parham v. Seattle Serv. Bureau, Inc.*, 656 F. App'x 474, 478 (11th Cir. 2016) (per curiam) (affirming dismissal of both FDCPA and FCCPA claim because debt did not arise out of a consumer transaction and noting that analysis of issue under the FDCPA "controls our interpretation of the FCCPA with equal force"); *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308 (S.D. Fla. 2016) (holding that debt was not for "personal, family, or household purposes" under FDCPA and then applying same ruling to FCCPA claim because both statutes define "debt" the same way); *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1313 (S.D. Fla. 2016) (analyzing whether debt at issue was a "debt" under the FDCPA and FCCPA in the same analysis because both statutes define "debt" the same way).

Here, as in the Second Action, Plaintiff admits that the "debt" at issue was for investment property. Plaintiff states in his complaint that he "is the sole owner of a small business and makes a living as a real estate investor." [Compl. ¶ 9.] He also states that his "small business involves the purchase, repair, and selling of real property." [*Id.*] Plaintiff further admits that the "debt" at issue in this case is a "mortgage on his real estate <u>investment property</u>." [*Id.* ¶ 10] (emphasis added). Plaintiff also alleges that he has "suffered a <u>business</u> loss" and that his damages include "damages to his <u>business reputation</u>" and "damages due to <u>loss of business and business opportunities</u>" as a result of Defendants' alleged actions in relation to the debt. [*Id.* ¶ 27, 29] (emphasis added).

Just as the court held in the Second Action, "Plaintiff incurred the debt in question in furtherance of his real estate investment business and not for a personal, family, or household

purpose." [DE 58 at 7 in Second Action.] Thus, the mortgage loan on Plaintiff's investment property is not a "debt" covered by the FCCPA. Indeed, in light of the court's dismissal of Plaintiff's FDCPA claim <u>with prejudice</u> on the same basis, Plaintiff is collaterally estopped from arguing otherwise. *See Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977) (holding that collateral estoppel bars identical parties from relitigating issues that were adjudicated in a prior proceeding). Accordingly, Plaintiff's FCCPA claim must be dismissed with prejudice.

### B. Demanding payment of a debt whose enforcement is barred by the statute of limitations is not a violation of the FCCPA.

Plaintiff's FCCPA claim is based solely on his allegation that he was sent monthly account statements demanding payment of installments whose enforcement is allegedly barred by the statute of limitations. [Compl. ¶ 72.] As a matter of law, this is not a violation of the FCCPA. In relevant part, the FCCPA provides that no person shall "[c]laim attempt, or threaten to enforce a debt when such person knows that <u>the debt is not legitimate</u>, or assert the existence of some other legal right when such person knows <u>that the right does not exist</u>." Fla. Stat. 559.72(9) (emphasis added). Under Florida law a statute of limitations is only "a procedural statute that prevents the enforcement of a <u>cause of action</u> that has accrued" but "<u>does not</u> affect the life of the lien or <u>extinguish the debt</u>." *Am. Bankers Life Assur. Co. of Florida v. 2275 W. Corp.*, 905 So. 2d 189, 191–92 (Fla. Dist. Ct. App. 2005) (quoting *Houck Corp. v. New River, Ltd., Pasco*, 900 So. 2d 601, 603 (Fla. Dist. Ct. App. 2005)); *see also Danielson v. Line*, 185 So. 332, 333 (Fla. 1938) ("The statute of limitations . . . in no wise affects the debt or obligation the note represents."). In other words, a debt remains valid under Florida law even if its enforcement in court would be barred by a statute of limitations. This is in contrast to a statute of repose, which <u>does</u> affect substantive rights. *Am. Bankers*, 905 So. 2d at 191–92.

Because the applicability of a statute of limitations does not affect the validity of a debt,

demanding payment of such a debt does not amount to demanding payment of a debt that is illegitimate or does not exist. Therefore demanding payment of such a debt cannot give rise to liability under the FCCPA, which prohibits attempts to a collect a debt where "the debt is not legitimate" or "does not exist." Fla. Stat. 559.72(9). Regardless of the statute of limitations, the debt remains valid and in existence under Florida law. *Am. Bankers*, 905 So. 2d at 191–92.

Notably, other courts addressing materially identical FCCPA claims as Plaintiff's have dismissed such claims for the same reason. *Blake v. Select Portfolio Servicing, Inc.*, No. 617CV1523ORL31TBS, 2018 WL 467392, at *3 (M.D. Fla. Jan. 18, 2018) ("The statute of limitations issue does not provide a legal basis for Blake's claims. In short, Blake has attempted to turn an affirmative defense that he could potentially use to dispute the validity of the debt to create an action under both the FDCPA and the FCCPA. But such defenses 'should be raised—if at all—as an affirmative defense[s] to actual collection or foreclosure,' not as an affirmative action under the FDCPA or the FCCPA." (alteration in original)); *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1293–94 (M.D. Fla. 2017) ("[T]he Court finds that the SOL Issue does not provide a plausible basis for Plaintiff's claims. Instead, the SOL Issue should be raised—if at all— as an affirmative defense to an actual collection or foreclosure action."); *Delia v. Ditech Fin. LLC*, No. 616CV1901ORL31DCI, 2017 WL 2379819, at *4 (M.D. Fla. June 1, 2017) (dismissing similar claim under FDCPA); *Merritt v. Seterus, Inc.*, 2017 WL 2598982 (Fla. Cir. Ct. Apr. 24, 2017) (dismissing FCCPA claim).

Because as matter of law it is not a violation of the FCCPA to demand payment of a monthly installment whose enforcement is barred by the statute of limitations, it is unnecessary for the Court to address the collateral issue of whether the statute of limitations would bar enforcement of the installments at issue in this case. Even if Plaintiff is correct that the enforcement

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

of the monthly installments at issue would be barred by the statute of limitations,[2] demanding payment of such a debt in a letter (outside litigation, where the statute of limitations does not apply) does not violate the FCCPA. Therefore, Plaintiff fails to state a claim under the FCCPA.

### IV.    Plaintiff fails to state a FDUTPA claim.

#### A.    FDUTPA does not apply to Chase because it is a federally-regulated bank.

FDUTPA could not be clearer. It "does not apply to . . . Banks . . . regulated by federal agencies." Fla. Stat. § 501.212(4)(c). Chase is regulated by the Office of the Comptroller of the Currency and the Consumer Financial Protection Bureau. *See FFIEC's Consumer Help Center*, Federal Financial Institutions Examination Council (Aug. 4, 2016), https://www.ffiec.gov/consumercenter/default.aspx; *Confirmation & Report Selection*, FDIC (Aug. 22, 2018), https://www5.fdic.gov/idasp/advSearchLanding.asp (attached as Composite Exhibit A).[3] To be sure, courts have specifically held that FDUTPA does not apply to Chase because it is a federally-regulated bank. *Jacobini v. JP Morgan Chase, N.A.*, No. 611CV231ORL31GJK, 2011 WL 13248162, at *5 (M.D. Fla. Aug. 1, 2011) ("Plaintiff's FDUTPA claim fails as a matter of law because the statute does not apply to federally regulated banks such as Defendant."); *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1371 (S.D. Fla. 2009) (Jordan, J.) (holding that FDUTPA "claims fail as a matter of law because the statute does not apply to federally regulated banks such as Chase"). Because "FDUTPA clearly excludes banks from its grasp," Plaintiff's

---

[2] He is not. If a foreclosure action is based on a missed payment that was due within the statute of limitations, the lender has a right to acceleration of all missed payments, including those outside the statute of limitations. *See, e.g.*, *Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 3D17-1246, 2018 WL 3636467, at *3 (Fla. Dist. Ct. App. Aug. 1, 2018); *Desai v. Bank of N.Y. Mellon Trust Co.*, 240 So. 3d 729, 730 (Fla. Dist. Ct. App. 2018).

[3] "The Court may take judicial notice of government publications and website materials." *Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1220 (S.D. Fla. 2018).

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

FDUTPA claim must be dismissed with prejudice. *Bankers Tr. Co. v. Basciano*, 960 So. 2d 773, 779 (Fla. Dist. Ct. App. 2007).

### B.  Plaintiff's FDUTPA claim is time-barred.

The statute of limitations for a FDUTPA claim is four years from the alleged violation. *See* Fla. Stat. § 95.11(3)(f); *Justice v. Rheem Mfg. Co.*, 318 F.R.D. 687, 694 n.3 (S.D. Fla. 2016). The delayed discovery doctrine does not apply to FDUTPA claims. *Marlborough Holdings Grp. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 905–06 (11th Cir. 2013). Dismissal based on a statute of limitations is appropriate where, as here, it is "'apparent from the face of the complaint' that the claim is time-barred." *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (affirming dismissal on statute-of-limitations grounds).

Here, it is apparent from the face of the complaint that Plaintiff's FDUTPA claim is time-barred. Plaintiff's FDUTPA claim as to Chase is based solely on alleged accounting errors and the subsequent filing of a foreclosure action in 2013. [Compl. ¶¶ 35–36.] Plaintiff filed this action more than four years later, on August 10, 2018. Accordingly, the claim is time-barred.

### C.  Plaintiff's FDUTPA claim fails because he did not engage in "trade or commerce" with Chase.

FDUTPA "creates a cause of action for 'unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices <u>in the conduct of any trade or commerce</u>.'" *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) (quoting Fla. Stat. § 501.204(1)) (emphasis added). "Trade or commerce" is "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Thus, FDUTPA applies only to conduct

14

involving advertising, soliciting, providing, offering, or distributing, any good or service or thing of value <u>to the plaintiff</u>. *Williams*, 890 F. Supp. 2d at 1321–22 ("Because FDUTPA only applies to 'trade or commerce,' and Nationwide was not engaged in trade or commerce as to Plaintiff, the Court need not analyze whether Plaintiff's allegations demonstrate unfair, deceptive practices.").

Plaintiff fails to state a FDUTPA claim because he does not allege facts demonstrating that Chase was involved in "trade or commerce" with him. The actions complained of—accounting errors as a servicer <u>for FNMA</u> and the filing of a foreclosure action—do not involve advertising, soliciting, providing, offering, or distributing, any good or service or thing of value to Plaintiff, so such actions do not satisfy the "trade or commerce" requirement. *Nardolilli v. Bank of Am. Corp.*, No. 12-cv-81312, 2013 WL 12154541, at *4 (S.D. Fla. Dec. 5, 2013) ("[A]ctions as a servicer of the mortgage do not qualify as 'trade or commerce.'"); *Casey v. Bank of Am., N.A.*, No. 13-cv-60983, 2013 WL 12126306, at *4 (S.D. Fla. Nov. 7, 2013) ("BANA's conduct of sending notices and initiating foreclosure proceedings does not fall within that definition of trade or commerce."); *Benjamin v. CitiMortgage, Inc.*, No. 12-cv-62291, 2013 WL 1891284, at *4 (S.D. Fla. May 6, 2013) ("[E]ven assuming the facts as pled establish that the defendant engaged in deceptive acts or unfair trade practices, the loan servicer's actions do not qualify as 'trade or commerce' under the Act."); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007) (finding that loan servicer did not "advertise, solicit, provide, offer or distribute" anything directly to the plaintiffs); *Law Office of David J. Stern, P.A. v. Dep't of Legal Affairs*, 83 So. 3d 847, 849 (Fla. Dist. Ct. App. 2011); *Office of AG v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 356 (Fla. Dist. Ct. App. 2011). Plaintiff's FDUTPA claim thus fails as a matter of law.

### D.  The litigation privilege bars Plaintiff's FDUTPA claim.

Florida's litigation privilege affords absolute immunity to "any act occurring during the

course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (alteration in original) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). The "privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Id.* As with other affirmative defenses, the litigation privilege is an appropriate basis for dismissal when its applicability is facially apparent from the complaint. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004).

Here, Plaintiff's FDUTPA claim as to Chase is primarily based on Chase's alleged filing of a "frivolous" foreclosure action. This claim is squarely barred by Florida's broad litigation privilege. Because Florida's litigation privilege renders Chase absolutely immune from liability arising from any act taken in the foreclosure proceeding, this claim must be dismissed with prejudice. *Jackson*, 372 F.3d at 1274 ("Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings."); *Wright v. Select Portfolio Servicing, Inc.*, No. 8:14-CV-2298-T-30TGW, 2015 WL 419618, at *2 (M.D. Fla. Feb. 2, 2015) (dismissing claim based on the filing of a foreclosure action as barred by the litigation privilege); *Davidson v. Capital One, N.A.*, No. 14-cv-20478, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014) (Altonaga, J.) ("The filing and maintenance of a lawsuit is plainly protected by Florida's litigation privilege, and the fact Davidson alleges the foreclosure suit was meritless because it contained false allegations is not relevant to the inquiry.").

## V. The litigation privilege bars Plaintiff's abuse of process claim.

As discussed *supra*, Florida's litigation privilege affords absolute immunity to any act occurring during the course of a judicial proceeding so long as the act has some relation to the

proceeding. *Echevarria*, 950 So. 2d at 384. The litigation privilege extends to claims for abuse of process. *FR Tax Grp., LLC v. Kassover*, No. 17-cv-80386, 2017 WL 6346051, at *3 (S.D. Fla. Aug. 2, 2017) ("This privilege extends to abuse of process actions."), *aff'd*, 723 F. App'x 977 (11th Cir. 2018); *Davidson*, 2014 WL 3767677, at *6 (Altonaga, J.) (dismissing abuse of process claim based on litigation privilege); *Suchite v. Kleppin*, No. 10-21166-CIV, 2011 WL 1814665, at *3 (S.D. Fla. Apr. 29, 2011) ("The litigation privilege can apply to bar claims for abuse of process."); *LatAm Investments, LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 242 (Fla. Dist. Ct. App. 2011) ("[W]e agree with the trial court that the litigation privilege applies to LatAm's cause of action against Holland & Knight for abuse of process."). Here, Plaintiff's abuse of process claim is based solely on the filing of a foreclosure action. It is thus barred by the litigation privilege.

## VI.     Plaintiff's claim under Fla. Stat. § 501.137 is time-barred.

Plaintiff's § 501.137 claim is time-barred. Such claims are subject to a four-year statute of limitations. Fla. Stat. § 95.11(3); *McLean v. GMAC Mortg. Corp.*, No. 06-cv-22795, 2008 WL 1956285, at *14 (S.D. Fla. May 2, 2008). As alleged in the complaint, all of the escrow issues that form the basis of the § 501.137 claim occurred <u>prior to</u> the filing of a foreclosure lawsuit in 2013. Accordingly, this claim is necessarily more than four years old, and must be dismissed.

## VII.    Plaintiff fails to state a claim for breach of implied contract.

The implied-contract claim fails because Plaintiff alleges that an express contract on the same subject matter exists, the mortgage. "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter." *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1220 (S.D. Fla. 2015) (quoting *Kovtan v. Frederiksen*, 449 So.2d 1, 1 (Fla. Dist. Ct. App. 1984)); *see also Dye v. United Servs. Auto. Ass'n*, 89 F. Supp. 3d 1332, 1337 n.4 (S.D. Fla. 2015); *Harding Realty, Inc. v. Turnberry Towers Corp.*, 436 So. 2d 983, 984 (Fla. Dist.

Ct. App. 1983). Therefore, the implied-contract claim is meritless.[4]

**VIII.    Plaintiff fails to state a malicious prosecution claim.**

    **A. Plaintiff fails to allege facts demonstrating a bona fide termination of the foreclosure action in his favor.**

Plaintiff's malicious prosecution claim is based on a state-court foreclosure action. Under Florida law, one of the elements of a malicious prosecution claim is that "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). But here, the foreclosure action was voluntarily dismissed <u>without</u> prejudice. *See* Ex. B, Docket of Foreclosure Action.[5] Plaintiff pleads no facts demonstrating that such a dismissal was a bona fide termination in his favor. "Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination." *Union Oil of Cal. Amsco Div. v. Watson*, 468 So.2d 349, 353 (Fla. Dist. Ct. App. 1985). "In order to determine whether the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant one must look to whether the manner of termination <u>reflects on the merits of the case</u>." *Id.* (emphasis added).

---

[4] Plaintiff's allegation that "ORIGINATOR and COLLECTORS made an implied promise" is a legal conclusion without any factual allegations to support it, is pled in shotgun fashion by lumping multiple defendants together, and, in any event, says nothing about Chase. The claim should be dismissed for these reasons as well.

[5] The docket of the foreclosure action is properly considered in deciding this motion to dismiss because it is incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Even if not incorporated, the Court may still judicially notice the docket and other documents filed in another court. *McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014) (per curiam); *Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (per curiam); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016). And a court may consider judicially noticed matters without converting a motion to dismiss to one for summary judgment. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013).

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Here, the manner of termination, a voluntary dismissal <u>without prejudice</u>, is not an adjudication of the merits under Florida law. *See* Fla. R. Civ. P. 1.420(a)(1). And Plaintiff pleads no facts demonstrating how the voluntary dismissal of the foreclosure action without prejudice otherwise could have constituted a bona fide termination of that proceeding in his favor. Accordingly, the malicious prosecution claim should be dismissed. *Artubel v. Colonial Bank Grp., Inc.*, No. 8:08-CV-179-T-23MAP, 2008 WL 3411785, at *16 (M.D. Fla. Aug. 8, 2008) (dismissing malicious prosecution claim for failure to allege a bona fide termination and noting it is the plaintiff's burden to establish that termination of the underlying suit demonstrated its lack of merit and his innocence of the charges or allegations contained in the underlying suit).

**B. Plaintiff fails to assert actionable damages.**

The malicious prosecution claim also fails because Plaintiff fails to allege actionable damages. Aside from attorneys' fees, Plaintiff fails to plead facts demonstrating that he has suffered any damages at all as a result of the foreclosure action. Instead, Plaintiff alleges that the alleged damages resulted from allegedly improper credit reports rather than the foreclosure action, damages which are not actionable in any event due to FCRA preemption. As to the attorneys' fees, such "damages" are not recoverable in this case because Plaintiff has already sought the same fees in the foreclosure action. *See* Ex. B, Docket of Foreclosure Action. A plaintiff asserting a claim for malicious prosecution may only recover damages "that are different from those damages considered or awarded by the trial court in the initial action." *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 17 (Fla. 1992). For this reason too, the malicious prosecution claim should be dismissed.

**IX.    Plaintiff's negligent misrepresentation claim must be dismissed.**

**A. Plaintiff's negligent misrepresentation claim is time-barred.**

Plaintiff's negligent misrepresentation claim is based on alleged misrepresentations made

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

before the filing of a foreclosure action in 2013. A state-law misrepresentation claim must be brought within four years. *See* Fla. Stat. § 95.11(3)(a),(j); *Jacobs v. Unum Grp. Corp.*, No. 616CV633ORL18KRS, 2017 WL 3726477, at *4 (M.D. Fla. June 9, 2017). Accordingly, the claim is untimely on its face and should be dismissed with prejudice.

### B.   Plaintiff's negligent misrepresentation claim fails to satisfy Rule 9(b).

Negligent misrepresentation claims are subject to Rule 9(b). *McGee v. JP Morgan Chase Bank, N.A.*, 520 F. App'x 829, 831 (11th Cir. 2013) (per curiam); *Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010). Plaintiff wholly fails to satisfy the heightened pleading requirements under Rule 9(b). To meet Rule 9(b)'s heightened pleading requirements, a plaintiff must allege: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371). In other words, Plaintiff must "plead the who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Plaintiff's complaint does not come close to satisfying Rule 9(b). Notably, with respect to the misrepresentation claims, Plaintiff fails to allege precisely what false statements were made, when such statements were made, or even which defendant made each false statement. Therefore, Plaintiff's negligent misrepresentation claim must be dismissed for failing to satisfy Rule 9(b).

### CONCLUSION

The Court should dismiss the complaint or, alternatively, require a more definite statement.

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Dated:  September 14, 2018              Respectfully submitted,

*/s/ Jeremy L. Kahn*
Andrew B. Boese
Florida Bar No.  824771
Jeremy L. Kahn
Florida Bar No. 105277
LEÓN COSGROVE, LLP
255 Alhambra Circle – Suite 800
Coral Gables, FL  33134
Tel:     305.740.1975
Fax:     305.437.8158
Email:  aboese@leoncosgrove.com
Email:  jkahn@leoncosgrove.com
Email:  eperez@leoncosgrove.com
Email:  kvasquez@leoncosgrove.com
Email:  dzulueta@leoncosgrove.com

*Counsel for JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which in turn will serve a copy by email to all counsel of record.

*/s/ Jeremy L. Kahn*

Jeremy L. Kahn

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM